UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| FORA FINANCIAL HOLDINGS, LLC | : |
| Plaintiff, | : Case No. _____ |
| vs. | : |
| NEW YORK TRIBECA GROUP, LLC and JOHN DOES 1-10, | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## VERIFIED COMPLAINT

Plaintiff Fora Financial Holdings, LLC ("Fora Financial"), by and through its attorneys, Locke Lord, LLP, as and for its Verified Complaint against defendant New York Tribeca Group, LLC ("Tribeca") and John Does 1-10 ("Does", together with Tribeca the "Defendants") allege as follows:

## NATURE OF THE ACTION

1. This is an action for equitable and legal relief based on Fora Financial's recent discovery that one of its competitors, a company called New York Tribeca Group, LLC, possesses some of Fora Financial's most valuable trade secret information. Tribeca has used and is using that information to solicit and attempt to steal Fora Financial's customers. Fora Financial brings this action for violations of the federal Defend Trade Secrets Act ("DTSA"), common law misappropriation of trade secrets, tortious interference with prospective economic advantage, and unfair competition.

2. Fora Financial provides commercial financing and working capital for small businesses across the country in the form of business loans and purchases of accounts receivables. Fora provides an alternative for merchants who do not wish to wait through the application process

1

with their bank or SBA-lenders. Customers seeking new or renewal financing from Fora Financial submit, either directly or indirectly through independent sales organizations ("ISOs") or brokers, applications and other related documents containing, among other things, customer contact information, government-issued identification numbers, the proposed financing terms, and company financial information like revenue and bank statements.

3. This information, as well as the very fact that a merchant is seeking the type of financing Fora Financial provides, is crucial to Fora Financial's business. Consequently, Fora Financial spends significant time, money and effort on developing, compiling, and maintaining such information. Fora also spends significant time, money and effort to ensure the secrecy of that information and protect it from disclosure.

4. Very recently, Fora Financial began receiving complaints from its customers—directly and through certain ISOs and brokers—that Tribeca's personnel were contacting them almost immediately after they submitted applications to Fora Financial. Fora Financial learned that Tribeca's personnel repeatedly harassed Fora Financial's customers through text messages and phone calls, the substance of which indicate that Tribeca has obtained and is using Fora Financial's trade secret confidential information to identify and contact Fora Financial's customers and then attempt to switch their business to Tribeca.

5. Immediately, Fora Financial began investigating to determine how its trade secret confidential information was ending up in the hands of a competitor. As set forth in more detail below, "honeypot" deals containing a mix of real customer names and Fora Financial-controlled contact information were placed into Fora Financial's system. These "honeypot" applications existed only in the system. Accordingly, if anyone called or text messaged the Fora Financial-controlled cell phone number intending to reach the listed customer, then data was coming from

Fora Financial's system. Within a day or two of the first "honeypots" being placed into Fora Financial's system, Tribeca's agents called and text messaged the Fora Financial-controlled phone numbers, attempting to solicit the customers listed on the "honeypot" applications. It is unquestionably clear that Tribeca possesses Fora Financial's confidential information, which has been improperly removed from Fora Financial's system, and is using that to compete unfairly against Fora Financial.

6. As a direct result of Tribeca's misconduct, Fora Financial has suffered irreparable harm. Fora Financial's trade secrets have been disclosed to and are actively being used by a competitor to steal or divert business. Tribeca's misconduct already has caused injury to Fora Financial's long-standing relationships with customers and ISOs, as well as damage to Fora Financial's goodwill with its ISO and broker partners. If the activity is not enjoined, those injuries will continue. Prompt injunctive relief is required to prevent further irreparable harm.

## PARTIES

7. Plaintiff Fora Financial Holdings, LLC is a limited liability company formed under the laws of the state of Delaware, with its principal place of business in New York, New York.

8. Defendant New York Tribeca Group, LLC is a limited liability company formed under the laws of the state of New York, with a principal place of business in New York, New York.

9. John Does 1-10 are individuals or entities whose identities are not known to Plaintiff, but who have engaged in and aided and abetted the activity alleged that has harmed Plaintiff.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Fora Financial's cause of action under the DTSA, 18 U.S.C. 1832 *et seq.*, presents a federal question.

11. This Court has supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). The state claims asserted herein are intimately related to the DTSA claim, are built on the same factual predicate, and are part of the same case or controversy.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Tribeca resides in this District, and a substantial part of the events giving rise to Fora Financial's claims occurred in this District.

**FACTS COMMON TO ALL COUNTS**

*Fora Financial's Business*

13. Fora Financial is a commercial lender and financial services company based out of New York, New York.

14. Fora Financial provides commercial financing and working capital solutions for small businesses across the country through business loans and purchases of accounts receivables.

15. The small business lending market is incredibly competitive, making Fora Financial's ability to identify and quickly secure the business of merchants seeking the type of financing Fora Financial provides critical to its business. Consequently, Fora Financial spends and has spent a significant amount of time, money and effort to solicit merchants and small businesses to become customers of Fora Financial. Fora Financial works closely with independent sales organizations ("ISOs") and brokers to identify potential customers, solicit applications for financing, and negotiate financing terms and other business deals. Fora Financial's relationships

with those ISOs and brokers is a crucial part of its business and Fora Financial has invested a large amount of time, money and effort in developing and maintaining those relationships.

16. Customers seeking financing from Fora Financial complete and then submit applications to Fora Financial, either directly or through ISOs and brokers. The applications contain various types of confidential, business-sensitive information and trade secrets, including, but not limited to, the customers' contact information, government-issued identification numbers, the terms of the proposed financing and the customers' non-public financial information, like revenues and bank statements. Moreover, the very fact that any particular small business is seeking financing with Fora Financial is, in itself, an important and confidential piece of information, the secrecy of which Fora Financial protects. Retaining and protecting this information from disclosure gives Fora Financial a competitive edge in renewing customers' financing deals and sourcing new deals. This trade secret and confidential information, were it made known to or used by Fora Financial's competitors, would give competitors a significant unfair advantage against Fora Financial in the competition for customers' business.

***Fora Financial's Confidential Information are Trade Secrets***

17. Fora Financial has spent and invested a substantial amount of time, labor, and capital in developing, compiling, maintaining, and updating a proprietary database of customer information. Fora Financial's trade secret customer information is detailed and comprehensive. That data consists of far more than just names, including a full historical record of its customer relationships, the terms of Fora Financial's deals to provide financing to its customers, and the customers' non-public financial information, like revenues and bank statements.

18. There are no publicly available lists of Fora Financial's customers or the trade secret information Fora Financial possesses concerning those customers. The overwhelming

5

majority of the proprietary information Fora Financial maintains is not publicly available and is not available from any source in the format and level of detail that Fora Financial retains it. Rather, Fora Financial's confidential customer data is gathered and compiled by Fora Financial through countless numbers of communications and interactions with individual customers, ISOs, brokers and others.

19. Fora Financial derives substantial economic value from preserving as trade secrets its customer identification information and customer confidential information. In particular, the confidential and non-public fact that a customer needs small business financing at the exact moment that customer submits an application to Fora Financial is incredibly valuable information to Fora Financial's business.

20. A competitor of Fora Financial that obtained Fora Financial's confidential trade secret information could readily solicit Fora Financial's customers at the exact time said customer sought and/or needed small business financing. Armed with Fora Financial's confidential information, any such competitor would receive an unfair business advantage in soliciting Fora Financial's customers.

*Fora Financial Takes Extensive Measures to Protect its Confidential Information*

21. Fora Financial expends significant time, resources, and money in protecting the confidentiality and secrecy of its trade secret, confidential, and proprietary information (the "Protected Information"), including electronically stored information.

22. Access to Fora Financial's systems, including emails and shared drives, is password protected, subject to multi-factor authentication when supported and controlled by a central administrator. Fora Financial enforces strong password policies (requiring the use of upper case letters, lower case letters, numbers, and symbols).

129435522v.1

23. Fora Financial stores the Protected Information on a cloud storage system with a "zero trust" framework, meaning that the system requires all users, inside or outside the network, to be authenticated, authorized and continuously validated for security configuration and posture before being granted or keeping access to applications and data.

24. Fora Financial deploys endpoint virus protection, as well as a multilayer defense that permits Fora Financial to monitor, detect and prevent detect threats to its systems.

25. Some Fora Financial employees access Fora Financial's system remotely. Any such remote access to Fora Financial's system occurs through Zscaler, a cloud security company. Among other security measures, Zscaler prevents access to public websites and can prevent the downloading of data to a device's local drives while working remotely.

26. Fora Financial's policy is to terminate an employee's access to Fora Financial's systems and files upon their last day of work. Fora Financial uses a single sign-on ("SSO") and multi-factor authentication security program called Okta, which controls an employee's access to Fora Financial's system. When an employee is terminated or otherwise becomes no longer employed by Fora Financial, their Okta access is revoked and access to Fora Financial's systems is removed.

27. Employees are required to return any devices, documents and information in their possession on their last day of work for Fora Financial.

28. Fora Financial also engages in wide scale penetration testing and vulnerability assessments in order to test its security measures and systems.

129435522v.1

***Tribeca Improperly Solicits Fora Financial's Customers with Fora Financial's Misappropriated Confidential Trade Secret Information***

29. On or about September 7, 2022, Fora Financial received reports from certain ISOs and other brokers that customers who had submitted applications to Fora Financial were being solicited by Tribeca.

30. Around the same time, Fora Financial received similar reports directly from customers around the country who had submitted applications to Fora Financial that they also were receiving unwanted calls and text messages from Tribeca.

31. Fora Financial's customers and the affected ISOs and brokers provided Fora Financial with text messages, recordings of phone calls and other information related to Tribeca's soliciting and harassment of Fora Financial's customers.

32. The contents of the communications between Tribeca's agents and Fora Financial's customers demonstrated to Fora Financial that Tribeca possessed Fora Financial's Protected Information. It also appeared to be the case that Tribeca knew that those customers had sought financing from Fora Financial.

33. Tribeca contacted Fora Financial's customers almost immediately after they submitted applications for financing to Fora Financial. Some customers were contacted within a few days after submitting their Fora Financial applications, while other customers were contacted the very next day.

34. The communications showed that Tribeca's agents possessed and were using Fora Financial's Protected Information, including customer contact information, customer business information (including in some cases customer revenue and bank statements), and information about the proposed financing terms. For instance, Tribeca's agents stated, in text messages and phone calls, that they knew Fora Financial's customers had recently sought financing and that

Tribeca possessed those customers' bank statements, contact information, and other business-sensitive information like company revenue. Tribeca's agents concocted stories about how they had received the ill-gotten information, such as "someone must have placed your file in the wrong folder" or "we are working with your bank on your deal," to conceal the true source of the information. Tribeca personnel used that information to then offer Fora Financial's customers financing, in direct competition with Fora Financial.

35. Many Fora Financial customers expressed surprise and anger (to Fora Financial, to the ISO's and brokers and to Tribeca) about the fact that they were being solicited by Fora Financial's competitors, with some customers even assuming wrongly that Fora Financial had sold or in some other way authorized the disclosure of its information.

36. Specifically, on at least ten occasions since September 7, Fora Financial customers directly informed Fora Financial sales personnel that Tribeca had contacted them and solicited them to enter into financing deals. Tribeca's personnel informed the customers that they were in possession of Fora Financial's Protected Information, including the proposed financing terms, bank statements, credit scores, customer contact information and other business-sensitive information.

37. In addition, ISOs and brokers notified Fora Financial that dozens of customers who had submitted applications to Fora Financial had communicated to the ISOs and brokers that the customers were being contacted by Fora Financial's competitors (including Tribeca's agents) who were soliciting them to enter into financing deals immediately after the submission of applications to Fora Financial. Two ISO's provided Fora Financial with lists of 31 and 22 merchants, respectively, that Fora Financial's competitors had solicited using Fora Financial's Protected

Information, including bank statements, proposed financing terms, customer contact information and other personal and business-sensitive information.

38. The merchants Tribeca contacted or attempted to solicit using Fora Financial's Protected Information include:

- Capital Cabinet and Closet Solutions LLC dba Bienal USA;
- DiMeglio Enterprises, Inc. dba Floor Coverings Int'l –Wake Forest;
- All Town Services LLC;
- Bar 1903 LLC;
- David J Peterson Trucking d/b/a Boxwood Cabinetry & Design;
- Frazier Ambus Logistic LLC d/b/a Fall guys;
- Deidre Dixon Marketing LLC dba Walcot Walcot Studio;
- Sunwest LLC dba Sunwest;
- Simms Automotive Repair LLC;
- Fully Equipped;
- Rocky Allen;
- T&S Auto;
- ADMI;
- Arsenal Logistics;
- Anthony Acosta Gadgets;
- Mulligans Auto Exchange;
- Durkee Fencing;
- K&V Home Improvements Inc.;
- R.I Unique Marble and Granite;
- Acetunes/All American;
- Blue Sabre Management;
- Schneider Audio Visual Systems Inc.;
- Mclain's Sporting Goods Stores LLC;
- Tattoo Removal Inc.;
- April Valdez (Paul);
- Takeoff Performance Systems LLC;

- Schmett & Company;
- JV Business Services.;
- Richard Stonecipher Interiors Inc.;
- Mamlaka I Inc.;
- Gamers Guild AZ LLC;
- IndieBox Inc.;
- LMN Hospitality.

39. Many of the impacted customers expressed serious concerns that this information had been made public or shared with entities other than Fora Financial. They expressed to Fora Financial that they found Tribeca's unsolicited contact disturbing, annoying and troubling.

40. In some instances, customers were receiving calls or text messages to their personal cell phones every fifteen minutes. Many of those customers expressed to Fora Financial and their brokers that they had only submitted applications to Fora Financial. Other customers threatened to pull their applications from Fora Financial. Certain ISOs and brokers who were involved in facilitating Fora Financial's deals with the impacted customers stopped submitting applications to Fora Financial.

***Fora Financial Confirms through Honeypot Traps That Tribeca is Misappropriating Fora Financial's Confidential Trade Secret Information***

41. Shortly after receiving notice of the unauthorized use of its confidential trade secret information, Fora Financial immediately began investigating if and how its Protected Information was being misappropriated.

42. On or around September 14, 2022, Fora Financial planted "honeypot" application traps in its system to show that the information Tribeca possessed could have been obtained only from Fora Financial's system. Fora Financial also used the "honeypot" traps to attempt to determine the source of the theft of the Protected Information.

11

43. The "honeypot" application traps contained a mix of real customer information and "fake" information planted and monitored by Fora Financial.

44. For instance, cell phone numbers owned by Fora Financial were listed as contact information for the names of real customers. Thus, when applications or the data on those applications were accessed and disclosed without authorization, the recipients of that pilfered data would, when attempting to contact the listed customers to solicit their business, instead contact employees of Fora Financial, who would document the interaction.

45. In other instances, Fora Financial created fake merchant names on the applications. Anyone who received this information as a "lead" could run a simple internet search to determine that the businesses Fora Financial created do not actually exist.

46. The "honeypot" application traps were then placed into Fora Financial's system.

47. Thereafter, Fora Financial's cell phones associated with the "honeypot" traps immediately began receiving phone calls and text messages from competitors soliciting customers for financing. Fora Financial tracked its interactions with competitors who contacted "honeypot" numbers to solicit Fora Financial's customers. In just under two weeks, Tribeca had contacted "honeypot" customers nearly 20 times.

48. The data on the "honeypot" application traps was, and continues to be, misappropriated from Fora Financial's system and used by those in possession of it to attempt to solicit Fora Financial's customers, including Tribeca.

49. Accordingly, Fora Financial has suffered, and there is an immediate and exceedingly likely threat that Fora Financial will continue to suffer, irreparable harm from the disclosure and/or use of its confidential information and trade secrets if the Court does not grant injunctive relief.

## COUNT I
## VIOLATION OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1832 *et seq.*)
## (ALL DEFENDANTS)

50. Fora Financial repeats and realleges each and every allegation contained in paragraphs 1 through 49 hereof as if fully set forth herein.

51. The facts pleaded above constitute actual and threatened misappropriation of trade secrets by Defendants in violation of the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1832 *et seq.*, in one or more of the following respects.

52. Fora Financial's trade secrets misappropriated by Defendants, including customer contact information, customer business information, the terms of Fora Financial's financing deals with customers and other information identified above, are related to a service used in interstate commerce.

53. Tribeca has used and disclosed and will continue to use and disclose Fora Financial's trade secrets to solicit Fora Financial's customers to place competing business with Tribeca.

54. The trade secrets belonging to Fora Financial that were misappropriated by Defendants have been subject to reasonable efforts by Fora Financial to maintain their secrecy and/or confidentiality. Fora Financial's trade secret information is not generally known or available to the public, particularly in the form and manner in which Fora Financial retains it.

55. Fora Financial's confidential information is considered a trade secret under the DTSA because Fora Financial derives independent economic value from this information not being generally known to the public, the information is not readily ascertainable by proper means by persons who could obtain economic value from its disclosure or use, and the information is the subject of reasonable efforts to maintain its secrecy.

129435522v.1

56. Tribeca has misappropriated Fora Financial's trade secrets by, among other ways, using them to solicit Fora Financial's customers to enter into financing deals in direct competition with Fora Financial.

57. Tribeca knew or should have known at the time it used and/or disclosed Fora Financial's trade secret information that such information had been obtained and/or acquired through improper means. Tribeca's knowledge or constructive knowledge that the information was obtained through improper means is based on, among other things, the non-public nature of the information, the sources from which Tribeca obtained the information and the statements Fora Financial's customers made to Tribeca after Tribeca contacted those customers, namely the anger and confusion those customers expressed as to how Tribeca could have obtained the information it possessed.

58. Tribeca obtained Fora Financial's trade secret information from John Does 1-10, whose identities are unknown to Fora Financial at this time, but who, on information and belief, are the persons responsible for stealing Fora Financial's trade secrets and/or receiving and then selling or otherwise disclosing Fora Financial's trade secrets to competitors, including Tribeca.

59. Tribeca continues to misappropriate Fora Financial's trade secrets by continuing to solicit Fora Financial's customers using that information and by, among other things, failing to return and/or destroy the confidential information.

60. Fora Financial faces an immediate threat of continuing irreparable harm, for which it lacks an adequate remedy at law, from Defendants' ongoing misappropriation of Fora Financial's trade secrets.

61. Unless Tribeca is preliminarily and permanently enjoined from the foregoing conduct, Fora Financial will be irreparably harmed by:

    a. Use by a competitor of Fora Financial's trade secret information, and other confidential information that is solely the property of Fora Financial;

    b. Loss of confidentiality and trade secret status of information regarding customer, deal and other business-sensitive information;

    c. Imminent loss of customers and relationships with ISOs and brokers;

    d. Imminent loss of goodwill; and

    e. Current and potential future economic loss, which is presently incalculable.

  62. Defendants' egregious misconduct constitutes a willful and malicious misappropriation of Fora Financial's trade secrets.

  63. Fora Financial is entitled to preliminary and permanent injunctive relief, restitution, compensatory damages pursuant to 18 U.S.C. § 1832 and attorney's fees.

## COUNT II
## COMMON LAW MISAPPROPRIATION OF TRADE SECRETS
## (ALL DEFENDANTS)

  64. Fora Financial repeats and realleges each and every allegation contained in paragraphs 1 through 63 hereof as if fully set forth herein.

  65. Fora Financial owns its Protected Information, as defined and described herein. The Protected Information are trade secrets.

  66. Fora Financial derives independent economic value from its Protected Information not being generally known to, or readily ascertainable through proper means by, other persons who can obtain economic value from its disclosure or use.

  67. Fora Financial has taken significant measures to maintain the confidentiality and secrecy of its Protected Information, including but not limited to restricting access to the Protected Information.

68. As described herein, Tribeca improperly converted and used the Protected Information to, among other things, solicit Fora Financial's customers for Tribeca's own benefit, after obtaining (through John Does) the Protected Information that Tribeca knew or should have known was improperly accessed and/or obtained.

69. By virtue of the alleged conduct, Defendants misappropriated Fora Financial's trade secrets in violation of New York common law.

70. As a direct and proximate result thereof, Fora Financial has been and will continue to be irreparably harmed unless Tribeca is enjoined from further misappropriation. Further, Tribeca's misappropriation of Fora Financial's trade secrets has and will continue to damage Fora Financial in an amount to be determined at trial.

## COUNT III
## UNFAIR COMPETITION
## (TRIBECA)

71. Fora Financial repeats and realleges each and every allegation contained in paragraphs 1 through 70 hereof as if fully set forth herein.

72. The elements of unfair competition under New York law are: (1) defendants used customer lists or customer information acquired from plaintiff, (2) the identities of or information about the customers used was not readily ascertainable outside the employer's business, and that (3) defendants' use of the information was the proximate cause and cause in fact of plaintiff's loss.

73. As described herein, Tribeca used Fora Financial's Protected Information to, among other things, solicit Fora Financial's customers to enter into financing deals in competition with Fora Financial.

74. The Protected Information contains customer lists and information.

75. Tribeca acquired, through John Does, the Protected Information from Fora Financial.

76. As described herein, the identities of Fora Financial's customers and the customer information composing the Protected Information is not readily ascertainable outside of Fora Financial's business.

77. Tribeca's use of the Protected Information has proximately and in fact caused Fora Financial to suffer: (i) monetary damages from, among other things, the loss of customers and the loss of business from ISOs and other brokers, and (ii) non-monetary damages, such as loss of goodwill.

## COUNT IV
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
## (TRIBECA)

78. Fora Financial repeats and realleges each and every allegation contained in paragraphs 1 through 77 hereof as if fully set forth herein.

79. The elements of tortious interference with prospective economic advantage are (1) a business relationship with a third party, (2) defendants' interference with those business relations, (3) defendants acted with the sole purposes of harming plaintiff or used dishonest, unfair or improper means, and (4) injury to plaintiff's relationship with the third party.

80. Fora Financial had business relationships with: (i) the customers who submitted applications to Fora Financial and (ii) the ISOs that facilitate and source deals for Fora Financial.

81. As described herein, Tribeca interfered with Fora Financial's relationships both with its customers and the ISOs by using Fora Financial's misappropriated trade secrets for its own benefit to solicit Fora Financial's customers.

82.     Tribeca's conduct interfered with Fora Financial's relationships with its customers by causing some customers to switch their business and/or fail to enter into anticipated deals with Fora Financial.

83.     Moreover, Tribeca's use of the Protected Information to solicit customers caused those customers to believe that Fora Financial had sold the data, which damaged Fora Financial's relationships with those customers.

84.     Similarly, Tribeca's conduct interfered with Fora Financial's relationships with certain ISOs. By disclosing Fora Financial's Protected Information and using said information to harass Fora Financial's clients with repeated and unwanted solicitations, Tribeca caused certain ISOs to stop sourcing deals for Fora Financial while the misappropriation continues.

85.     As alleged herein, Tribeca acted with the sole purpose to harm Fora Financial's business and benefit its own. Alternatively, Tribeca used unfair or improper means to solicit Fora Financial's customers by using and disclosing information Tribeca knew or should have known was improperly obtained.

86.     As alleged herein, Tribeca's misconduct caused Fora Financial monetary damages to be calculated at trial and non-monetary damages in the form of loss of goodwill, among other things.

## PRAYER FOR RELIEF

WHEREFORE, Fora Financial requests judgment as follows:

   a. granting permanent injunctive relief requiring Defendants to return to Fora Financial all property belonging to Fora Financial including but not limited to documents or materials containing Fora Financial's trade secret and confidential information in their possession, custody, or control or to which they have access, and, as to any such property containing electronically stored information (ESI), inform Fora Financial of all such ESI so that it can permanently delete or destroy and eliminate access to such information by Defendants and any and all persons acting in concert with them;

b. granting permanent injunctive relief enjoining Defendants and all persons acting in concert with them from accessing, disclosing, using, or otherwise misappropriating Fora Financial's confidential information and trade secrets;

c. granting Fora Financial compensatory and punitive damages in an amount to be determined;

d. awarding Fora Financial its reasonable attorney's fees and costs;

and

e. such other and further relief as the Court deems just and proper.

Respectfully submitted,

LOCKE LORD LLP

*s/Jeffrey S. Kramer*
William D. Foley, Jr.
Jeffrey S. Kramer
200 Vesey Street, 20th Floor
New York, NY 10281
(646) 217-7722
*Attorneys for Plaintiff Fora Financial Holdings, LLC*

## **VERIFICATION**

Andrew Gutman verifies as follows:

     I am the President of Plaintiff Fora Financial Holdings, LLC ("Fora Financial"). I have read the foregoing Verified Complaint and I hereby verify that, except where made upon information and belief, the factual allegations set forth in the Verified Complaint are true and correct. I make this verification based upon my personal knowledge, my review of the business records maintained by Fora Financial, my review of the declarations filed in support of Fora Financial's application for preliminary injunctive relief, and my review of the documents referenced in the Verified Complaint.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on October 6, 2022

                                                                             Andrew Gutman