UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FORA FINANCIAL HOLDINGS, LLC    :
                :
        Plaintiff,   : Case No. _____
  vs.          :
                :
NEW YORK TRIBECA GROUP, LLC and  :
JOHN DOES 1-10,       :
                :
        Defendants.  :
                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION WITH TEMPORARY RESTRAINING ORDER AND FOR EXPEDITED DISCOVERY

**LOCKE LORD LLP**

William D. Foley, Jr., Esq.
Jeffrey S. Kramer, Esq.
200 Vesey Street, 20th Floor
New York, NY 10281
(212) 415-8600

*Attorneys for Plaintiff Fora Financial
Holdings, LLC*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ......................................................................................1

STATEMENT OF FACTS ...........................................................................................3

ARGUMENT ............................................................................................................3

    I.     Legal Standard. ................................................................................3

    II.    Fora Financial Will Suffer Immediate and Irreparable Harm Unless
          Tribeca is Enjoined from Misappropriating its Protected Information....................3

    III.   Fora Financial is Likely to Succeed on the Merits of its Claims. ...........................5

         A.    DTSA and Common Law Misappropriation Claims. ................................6

             1.    Fora Financial Possesses Trade Secrets ..........................................6

             2.    Tribeca Misappropriated Fora Financial's Trade Secrets ...............9

         B.    Unfair Competition. ...................................................................9

         C.    Tortious Interference with Prospective Economic Advantage. .................11

    IV.   The Balance of the Equities Favors Granting Fora Financial's Application
          for a TRO and Preliminary Injunction. .................................................12

    V.    Fora Financial is Entitled to Expedited Discovery. .............................................13

CONCLUSION.......................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*16 Cases Duse, LLC v. Merkin*,
   791 F.3d 247 (2d Cir. 2015)..................................................................................................11

*Abdul Wali v. Coughlin*,
   754 F.2d 1015 (2d Cir. 1985)..................................................................................................6

*Am. Civ. Liberties Union v. Clapper*,
   804 F.3d 617 (2d Cir. 2015)....................................................................................................3

*Am. Footwear Corp. v. Gen'l Footwear Co.*,
   609 F.2d 655 (2d Cir. 1979)..................................................................................................10

*Ayyash v. Bank Al–Madina*,
   233 F.R.D. 325 (S.D.N.Y. 2005) ..........................................................................................13

*BigStar Entm't, Inc. v. Next Big Star, Inc.*,
   105 F. Supp. 2d 185 (S.D.N.Y. 2000).....................................................................................6

*Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*,
   598 F.3d 30 (2d Cir. 2010).......................................................................................................5

*Constantin Assoc. v. Kapetas*,
   17 Misc.3d 1137(A), 2007 WL 4294732 (N.Y. Sup. Ct. N.Y. Cnty., Dec. 6,
   2007) .....................................................................................................................................10

*Delphine Software Int'l v. Elec. Arts, Inc.*,
   No. 99 CIV. 4454 AGAS, 1999 WL 627413 (S.D.N.Y. Aug. 18, 1999) ...............................14

*Echo Deisng Grp. v. Zino Davidoff S.A.*,
   283 F. Supp. 2d 963 (S.D.N.Y. 2003)......................................................................................3

*Euro Brokers Capital Markets, Inc. v. Flinn*,
   1993 WL 213026 (S.D.N.Y. June 16, 1993) ............................................................................4

*ExpertConnect, L.L.C. v. Fowler*,
   18 Civ. 4828 (LGS), 2019 WL 3004161 (S.D.N.Y. July 10, 2019) ...............................6, 9, 11

*Iacovacci v. Brevet Holdings, LLC*,
   437 F. Supp. 3d 367 (S.D.N.Y. 2020)...................................................................................6, 7

*IKON Office Sol'ns v. Leichtnam*,
   No. 02-cv-0721E (SC), 2003 WL 251954 (W.D.N.Y. Jan. 3, 2003)......................................13

*Johnson Controls, Inc. v. A.P.T. Critical Sys., Inc.*,
  323 F. Supp. 2d 525 (S.D.N.Y. 2004).................................................................................4

*KeyBank, Nat. Ass'n v. Quality Payroll Sys., Inc.*,
  No. 06 Civ. 3013 (JS) (AKT), 2006 WL 1720461 (E.D.N.Y. June 22, 2006) ........................13

*Lichtenberg v. Beiscorp Grp. Inc.*,
  43 F. Supp. 2d 376 (S.D.N.Y. 1995)..................................................................................12

*Linkco, Inc. v. Fujitsu Ltd.*,
  230 F. Supp. 2d 492 (S.D.N.Y. 2002)................................................................................10

*LoPresti v. Mass. Mut. Life Ins. Co.*,
  820 N.Y.S.2d 275 (2d Dep't 2006)....................................................................................10

*Marsh USA, Inc. v. Karasaki*,
  No. 08 Civ. 4195 (JGK), 2008 WL 4778239 (S.D.N.Y. Oct. 31, 2008) ..................................4

*Medidata Sol., Inc. v. Veeva Sys. Inc.*,
  2018 WL 6173349 (S.D.N.Y. Nov. 26, 2018)......................................................................7, 9

*Medidata Sol., Inc. v. Veeva Sys. Inc.*,
  No. 17 Civ. 589 (LGS), 2021 WL 467110 (S.D.N.Y. Feb. 9, 2021).......................................7

*Mercer Health & Benefits LLC v. DiGregorio*,
  307 F.Supp.3d 326 (S.D.N.Y. 2018)..................................................................................4

*Mkts Grp. Inc. v. Oliviera*,
  No. 18 CV 2089 (GHW) (RWL), 2020 WL 820654 (S.D.N.Y. Feb. 3, 2020).........................7

*N. Atl. Instruments, Inc. v. Haber*,
  188 F.3d 38 (2d Cir. 1999).................................................................................6, 7, 9

*Oneida Grp., Inc. v. Steelite Int'l U.S.A., Inc.*,
  No. 17-cv-0957 (ADS) (AKT), 2017 WL 6459464 (E.D.N.Y. Dec. 15, 2017) ................9, 10

*Pearson Educ., Inc. v. Doe*,
  No. 12 Civ. 4786 (BSJ) (KNF), 2012 WL 4832816 (S.D.N.Y. Oct. 1, 2012).........................13

*Rodriguez ex rel. Rodriguez v. DeBuono*,
  175 F.3d 227 (2d Cir. 1999)..............................................................................................4

*Saratoga Vichy Spring Co., Inc. v. Lehman*,
  625 F.2d 1037 (2d Cir. 1980)...........................................................................................10

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
  208 F.R.D. 273 (N.D.Cal. 2002) (*as adopted by Ayyash*, 233 F.R.D. at 326-
  27) .................................................................................................................................13

*Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*,
No. 07 Civ. 2014, 2007 WL 1121734 (S.D.N.Y. Apr. 11, 2007) ............................................13

*Strike 3 Holdings, LLC v. Doe*,
No. 20 Civ. 4501 (WFK) (VMS), 2021 WL 535218 (E.D.N.Y. Feb. 12, 2021) .....................15

*Time Warner Cable, Inc. v. DIRECTV, Inc.*,
497 F.3d 144 (2d Cir. 2007) .................................................................................................3

*Tom Doherty Assocs. v. Saban Entertainment Inc.*,
50 F.3d 27 (2d Cir. 1995) ....................................................................................................12

*Tradescape.com v. Shivaram*,
77 F. Supp. 2d 408 (S.D.N.Y. 1999) ...................................................................................12

*United States v. Erie Cty., NY*,
09-CV-849S, 2010 WL 11578742 (W.D.N.Y. March 6, 2020) ............................................13

**Statutes and Rules**

18 U.S.C. § 1836(b)(1) ..............................................................................................................6

18 U.S.C. § 1839(3) ...................................................................................................................6

18 U.S.C. § 1839(5) ...................................................................................................................9

Fed. R. Civ. P. 26 .......................................................................................................................1

Fed. R. Civ. P. 26(d)(1) ............................................................................................................13

Fed. R. Civ. P. 26(f) .................................................................................................................13

Fed. R. Civ. P. 30 .......................................................................................................................1

Fed. R. Civ. P. 33 .......................................................................................................................1

Fed. R. Civ. P. 34 .......................................................................................................................1

Fed. R. Civ. P. 65 .......................................................................................................................1

Fora Financial Holdings, LLC ("Fora Financial") by and through its attorneys Locke Lord LLP, respectfully submits this Memorandum of Law in support if its motion pursuant to Federal Rule of Civil Procedure 65 for a preliminary injunction with temporary restraining order against defendant New York Tribeca Group, LLC ("Tribeca") and pursuant to Federal Rules of Civil Procedure 26, 30, 33 and 34 for expedited discovery.

## PRELIMINARY STATEMENT

Fora Financial seeks a preliminary injunction with temporary restraining order to enjoin one of its competitors, defendant New York Tribeca Group, from causing irreparable harm by continuing to misappropriate Fora Financial's valuable trade secrets, which Tribeca is and has been using to contact Fora Financial's customers and solicit them to do business with Tribeca.

Fora Financial recently learned that Tribeca has obtained Fora Financial's trade secret confidential information, including customer identification and contact information, non-public customer financial information and the terms of financing deals between Fora Financial and its customers.  Tribeca used this information to contact Fora Financial's customers immediately after those customers had submitted applications for financing to Fora Financial, and then attempted to harass or even deceive the customers into doing business with Tribeca instead.

By virtue of this misconduct, Tribeca has violated the federal Defend Trade Secrets Act ("DTSA"), committed common law trade secret misappropriation, unfairly competed and has tortuously interfered with Fora Financial's prospective economic advantage.

As more fully detailed below, Fora Financial has suffered, and will continue to suffer, irreparable injury by this unauthorized use of its trade secrets and confidential information.  This information is in the hands of a competitor who is using it to poach and harass Fora Financial's customers.  If such conduct is not enjoined, it will impair and/or cause a major loss to Fora

Financial of its relationships with customers, its long-standing relationships with key partner independent sales organizations ("ISOs") and brokers, and loss of goodwill.

Accordingly, Fora Financial is entitled to a preliminary injunction and temporary restraining order: (i) enjoining Tribeca from using or disclosing any confidential, proprietary or trade secret documents or materials of Fora Financial or its parents or affiliates; (ii) enjoining Tribeca from destroying, deleting, altering, or in any other way manipulating any of Fora Financial's property and/or electronically stored information presently contained on or in any electronic device, external storage device or cloud-storage system within Tribeca's possession, custody or control; (iii) enjoining Tribeca from accessing or opening any files or folders of ESI belonging to Fora Financial or that were stored anywhere on Fora Financial's system that are within the possession, custody or control of Tribeca; and (iv) requiring Tribeca to preserve and not destroy any documents, including electronically stored information, that may relate to the claims and defenses in this action.

Fora Financial will succeed on the merits of its misappropriation and tort claims because the evidence demonstrates that Tribeca improperly and without authority used and disclosed Fora Financial's trade secret information to solicit Fora Financial's customers for competing business. Fora Financial has suffered and will suffer irreparable harm directly caused by Tribeca's misappropriation because it has and will be put at a competitive disadvantage and suffer a loss of goodwill. Finally, neither Tribeca nor the public would be harmed by the granting of Fora Financial's requested preliminary relief.

Fora Financial also seeks narrowly tailored, expedited discovery concerning Tribeca's acquisition, use and disclosure of Fora Financial's trade secrets. As described below, this

discovery is necessary in order for Fora Financial to build its case for the preliminary injunction hearing.

## STATEMENT OF FACTS

In order to minimize repetition and conserve the Court's time and resources, Fora Financial respectfully incorporates herein by reference the "Facts Common to All Counts" in Fora Financial's Verified Complaint and the Declarations of Kevin Ruthen and Jason Solomon, filed contemporaneously herewith.

## ARGUMENT

**I.      Legal Standard.**

The standard for issuing a temporary restraining order and a preliminary injunction is the same. *See Echo Deisng Grp. v. Zino Davidoff S.A.*, 283 F. Supp. 2d 963, 966 (S.D.N.Y. 2003). To obtain a temporary restraining order or a preliminary injunction, the moving party must establish "(1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor; and (2) a likelihood of irreparable harm if the requested relief is denied." *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 152-53 (2d Cir. 2007). The movant must also demonstrate that the relief sought is in the public interest, and that the balance of equities tips in the movants' favor. *Am. Civ. Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015). Each of these factors weighs heavily in favor of granting Fora Financial's request for a TRO and preliminary injunction.

**II.     Fora Financial Will Suffer Immediate and Irreparable Harm Unless Tribeca is Enjoined from Misappropriating its Protected Information.**

Fora Financial will suffer immediate and irreparable harm if it does not receive immediate injunctive relief. "Irreparable harm is the single most important prerequisite for the issuance of a

preliminary injunction." *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir.

1999) (internal quotations omitted). Irreparable harm exists where there is an "actual and

imminent" injury "that cannot be remedied by an award of monetary damages." *DeBuono*, 175

F.3d at 234 (internal quotations omitted). Courts in this District have consistently found that a loss

of client relationships and customer goodwill constitutes irreparable harm for which there is no

adequate monetary remedy. *See, e.g., Mercer Health & Benefits LLC v. DiGregorio*, 307

F.Supp.3d 326, 347 (S.D.N.Y. 2018) ("The total monetary value of Mercer's loss of clients would

be very difficult, if not impossible, to calculate with any exactitude. Nor could the lost goodwill

that Mercer has built with these clients be easily quantified and compensated"); *Marsh USA, Inc.*

*v. Karasaki*, No. 08 Civ. 4195 (JGK), 2008 WL 4778239, at *14 (S.D.N.Y. Oct. 31, 2008) (finding

irreparable harm existed where defendant solicited employer's clients and employees) (citing

*Johnson Controls, Inc. v. A.P.T. Critical Sys., Inc.*, 323 F. Supp. 2d 525, 532 (S.D.N.Y. 2004));

*Euro Brokers Capital Markets, Inc. v. Flinn*, 1993 WL 213026, at *1 (S.D.N.Y. June 16, 1993)

(finding irreparable harm would result if defendants were not enjoined from using/disclosing

plaintiff's client information).

Here, Tribeca has already caused and will continue to cause direct and irreparable harm to

Fora Financial in the form of lost customer relationships and goodwill. Tribeca possesses Fora

Financial's trade secret confidential information and is using it to solicit customers' business to

Tribeca and away from Fora Financial, in some cases successfully. Verified Compl. ¶¶ 29-40.

Moreover, Tribeca's harassment through repeated phone calls and text messages to Fora

Financial's customers immediately after those customers submit applications to Fora Financial has

damaged Fora Financial's goodwill with those customers by causing them to believe that Fora

Financial has sold or otherwise authorized the disclosure of that information.  Solomon Decl. ¶¶ 21-24.

Furthermore, Tribeca's misconduct has caused and will continue to cause irreparable harm in the form of damaging Fora Financial's critical relationship with its ISO and broker partners. Fora Financial spends significant time, money and effort developing strong relationships with its ISO and broker partners.  Verified Compl. ¶ 15.  These relationships are critical to Fora Financial's business because they are an important way for Fora Financial to develop new and maintain existing customer relationships.  *Id.*  Tribeca's misappropriation of Fora Financial's trade secrets has caused and will continue to cause some ISOs and brokers to express concern about maintaining the secrecy of important information.  Solomon Decl. ¶¶ 26-27.  In fact, some ISOs and brokers have stopped facilitating deals with Fora Financial because of this misappropriation, and are likely to continue to do so until these activities cease.  *Id.*  This interference with Fora Financial's relationships with its partner ISOs and brokers has caused declining originations, which materially and detrimentally impacts Fora Financial's cost of capital in an economically declining market with rising inflation.  Solomon Decl. ¶ 28.

**III.    Fora Financial is Likely to Succeed on the Merits of its Claims.**

The Second Circuit has adopted a flexible standard concerning the "likelihood of success" requirement, allowing a party seeking a TRO or preliminary injunction to show either a likelihood of success on the merits or "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief."  *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).  To establish a likelihood of success on the merits, a movant "need not show that success is certain, only that the probability of prevailing is 'better than fifty

percent.'" *BigStar Entm't, Inc. v. Next Big Star, Inc.*, 105 F. Supp. 2d 185, 191 (S.D.N.Y. 2000) (quoting *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985)).

### A.      DTSA and Common Law Misappropriation Claims.

Fora Financial is likely to succeed on the merits of its DTSA and common law trade secret misappropriation claims.  To succeed on a DTSA claim, a plaintiff must demonstrate that it possessed a trade secret that the defendant misappropriated.  *See* 18 U.S.C. § 1836(b)(1); *Iacovacci v. Brevet Holdings, LLC*, 437 F. Supp. 3d 367, 380 (S.D.N.Y. 2020).  The elements of a trade secret misappropriation claim under New York law "are fundamentally the same." *Iacovacci*, 437 F. Supp. 3d at 380 (citing *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 43-44 (2d Cir. 1999).  Because the requirements for both claims are similar "courts have found that a complaint sufficiently pleading a DTSA claim ... also states a claim for misappropriation of trade secrets under New York law." *Id.* (quoting *ExpertConnect, L.L.C. v. Fowler*, 18 Civ. 4828 (LGS), 2019 WL 3004161 at *6-7 (S.D.N.Y. July 10, 2019)).  Indeed, courts often rely on common law misappropriation cases to analyze DTSA claims.  *Id.*

Fora Financial will be able to demonstrate both elements of its trade secrets claims: that it possessed trade secrets and that Tribeca misappropriated them.

### 1.      Fora Financial Possesses Trade Secrets

The DTSA broadly defines trade secrets as "all forms and types of financial, business, … economic…information, including…compilations," so long as the owner of the trade secret "has taken reasonable measures to keep such information secret" and "the information derives independent economic value…from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information."  18 U.S.C. § 1839(3).  DTSA claims are not subject to heightened pleading standards; the standard is met merely by pleading the trade secrets with

"sufficient specificity to inform the defendants of what they are alleged to have misappropriated." *Iacovacci*, 437 F.Supp.3d at 380 (quoting *Medidata Sol., Inc. v. Veeva Sys. Inc.*, 2018 WL 6173349, at *3 (S.D.N.Y. Nov. 26, 2018)).

Similarly, New York law defines trade secrets as "any formula, pattern, device or compilation of information that the owner uses in its business and that affords it an advantage over competitors who do not know or use it." *Medidata Sol., Inc. v. Veeva Sys. Inc.*, No. 17 Civ. 589 (LGS), 2021 WL 467110, at *3 (S.D.N.Y. Feb. 9, 2021). In determining whether information constitutes a trade secret, New York courts consider six factors:

> (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended by the business in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Haber*, 188 F.3d at 44 (2d Cir. 1999) (affirming order granting preliminary injunction enjoining defendants from soliciting customers in a misappropriated list). These factors are not elements and need not all be pleaded to state a claim. *Iacovacci*, 437 F.Supp.2d at 380.

Fora Financial's protected information constitutes trade secrets under both the DTSA and New York law (the "Protected Information"). The Protected Information includes (i) confidential customer names and contact information, (ii) non-public business-sensitive financial data like revenue and bank statements, and (iii) specific details regarding the financing terms between the customers and Fora Financial, like the amount of financing and the length of the deal. Solomon Decl. ¶¶ 7-10; Verified Compl. ¶¶ 17-20. In fact, under both New York law and the DTSA, just the compilation of Fora Financial's customers and customer contact information alone constitute trade secrets. *See North Atlantic Instruments, Inc. v. Haber*, 188 F.3d 38, 33 (2d. Cir. 1999)*; Mkts*

*Grp. Inc. v. Oliviera*, No. 18 CV 2089 (GHW) (RWL), 2020 WL 820654, at *7 (S.D.N.Y. Feb. 3, 2020) ("even though some information contained in a customer list may be publicly available, where a company's customers are not readily ascertainable, but must be cultivated with great effort and secured through the expenditure of considerable time and money, the names of those customers are protectable trade secrets.") (internal quotations omitted).

There is no question Fora Financial derives substantial economic value from its Protected Information not being generally known to competitors or others.  Solomon Decl. ¶ 10; Verified Compl. ¶¶ 17-20.  If the Protected Information were disclosed to competitors, as has actually happened in this case, those competitors would gain an unfair advantage in competing against Fora Financial by, for instance, closing financing deals with Fora Financial's customers before Fora Financial could do so.  Moreover, the very fact that a customer has submitted an application, signaling its desire for the type of financing Fora Financial provides, is itself a confidential and important piece of information, the disclosure of which to Fora Financial's competitors would cause significant injury.  *Id.*

Finally, Fora Financial spends significant time, money and effort to keep the Protected Information secret and confidential.  Fora Financial does so in the following ways: (1) access to Fora Financial's system, on which this information is stored, is password protected, subject to multi-factor authentication supported and controlled by a central administrator; (2) Fora Financial enforces strong password policies; (3) Fora Financial stores the Protected Information on a cloud storage system with a "zero trust" framework, meaning that all users are required to be authenticated, authorized and continuously validated for security configuration and posture before being granted or keeping access to applications and data; (4) Fora Financial employees have differing levels of access to the system and information based on their position, location and

8

department; (5) Fora Financial deploys endpoint virus protection, as well as a multilayer defense that permits Fora Financial to monitor, detect and prevent detect threats to its systems; (6) upon termination, employees' access to Fora Financial's systems and files is withdrawn; and (7) employees sign confidentiality provisions and are required to return any Fora Financial devices, documents and materials in their possession on or before their last day of work for Fora Financial. Ruthen Decl. ¶¶ 3-12.

### 2.   Tribeca Misappropriated Fora Financial's Trade Secrets

Under the DTSA, "misappropriation" of a trade secret means (1) acquiring a trade secret by improper means or (2) disclosing or using the trade secret without consent. *See ExpertConnect, L.L.C.*, 2019 WL 3004161 at *6 (citing 18 U.S.C. § 1839(5)); *Medidata Solutions, Inc.*, 2018 WL 6173349 at * 4. Similarly, under New York law "misappropriation" means use of the trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means. *Haber*, 188 F.3d at 43-44.

Tribeca misappropriated Fora Financial's trade secrets by using them to compete unfairly against Fora Financial by contacting Fora Financial's customers immediately after said customers submitted applications to Fora Financial for financing, and then soliciting those clients to enter into competing financing deals with Tribeca. Verified Compl. ¶¶ 29-40; Solomon Decl. ¶¶ 11-20. Tribeca did not have Fora Financial's consent or authorization to obtain, possess or use Fora Financial's trade secrets, and most certainly did not have authorization to use and disclose those trade secrets to harass Fora Financial's customers.

### B.   Unfair Competition.

"Under New York law, an unfair competition claim encompasses a broad range of unfair practices," including trade secret misappropriation. *See Oneida Grp., Inc. v. Steelite Int'l U.S.A., Inc.*, No. 17-cv-0957 (ADS) (AKT), 2017 WL 6459464, at *8 (E.D.N.Y. Dec. 15, 2017) (citing

*Am. Footwear Corp. v. Gen'l Footwear Co.*, 609 F.2d 655, 662 (2d Cir. 1979)). "The central principle underlying a claim for unfair competition under New York law is that one may not misappropriate the results of the labor, skill, and expenditures of another." *Linkco, Inc. v. Fujitsu Ltd.*, 230 F. Supp. 2d 492, 500 (S.D.N.Y. 2002) (citing *Saratoga Vichy Spring Co., Inc. v. Lehman*, 625 F.2d 1037, 1044 (2d Cir. 1980). "An unfair competition claim must also involve some degree of bad faith." *Id.* "[T]o act in 'bad faith,' one must exploit some 'commercial advantage which belonged exclusively to [another].'" *Oneida Grp.*, 2017 WL 6459464, at *9 (quoting *LoPresti v. Mass. Mut. Life Ins. Co.*, 820 N.Y.S.2d 275, 277 (2d Dep't 2006)).

When unfair competition is raised in the context of unfair use of a competitor's customer list or customer information, the claimant can succeed on this claim by showing: (1) defendants used customer lists or customer information acquired from plaintiff, (2) the identities of or information about the customers used was not "readily ascertainable outside the employer's business," and that (3) defendants' use of the information was the proximate cause and cause in fact of plaintiff's loss. *See Constantin Assoc. v. Kapetas*, 17 Misc.3d 1137(A), 2007 WL 4294732 at *6 (N.Y. Sup. Ct. N.Y. Cnty., Dec. 6, 2007).

Here, Fora Financial will succeed on its unfair competition claim against Tribeca for the same reasons it will succeed on its trade secret misappropriation claims, as discussed *supra*. Tribeca's misconduct is the very definition of "unfair competition." Tribeca obtained Fora Financial's trade secret information, including customer contact information and data concerning Fora Financial's financing deals with those customers, and then used that information to compete against Fora Financial by contacting those customers and soliciting them for competing deals immediately after they had submitted applications to Fora Financial. Verified Compl. ¶¶ 29-40; Solomon Decl. ¶¶ 11-20. Tribeca's conduct constitutes "bad faith" because Tribeca exploited a

10

commercial advantage that belonged exclusively to Fora Financial.  The customers Tribeca

contacted had just recently submitted applications for financing to Fora Financial and, accordingly,

the commercial advantage of that business belonged to Fora Financial.  Verified Compl. ¶¶ 33, 37;

Solomon Decl. ¶ 14.

### C.   Tortious Interference with Prospective Economic Advantage.

Under New York law, to prevail on a claim for tortious interference with prospective

economic advantage, also called "tortious interference with business relations," Fora Financial

must show that (1) the plaintiff had business relations with a third party; (2) the defendant

interfered with those business relations; (3) the defendant acted for a wrongful purpose or used

dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship.  *See 16*

*Cases Duse, LLC v. Merkin*, 791 F.3d 247, 261 (2d Cir. 2015).  The commission of an "independent

tort" will satisfy the "wrongful purpose" or "improper means" element.  *Id.*

Here, Fora Financial has demonstrated a likelihood of success on the merits of its claim for

tortious interference with prospective economic advantage against Tribeca.  Fora Financial had

business relations with its customers and with its partner ISOs and brokers.   Tribeca's

misappropriation of Fora Financial's trade secrets, as more fully described above and in Fora

Financial's pleadings, interfered with Fora Financial's business relationships with its customers

and ISOs by, among other ways, causing those third parties to end or pause their business

relationship with Fora Financial.  Verified Compl. ¶¶ 35, 39-40.  Tribeca's misappropriation of

Fora Financial's trade secrets is the improper means by which Tribeca interfered with the relevant

relationships.  *See ExpertConnect, LLC*, 2019 WL 3004161 at * 9 ("The Complaint also alleges

that Defendants' interference was accomplished through wrongful means -- misappropriation of

Plaintiff's trade secrets, an independent tort under New York law.").

**IV.** **The Balance of the Equities Favors Granting Fora Financial's Application for a TRO and Preliminary Injunction.**

The moving party need not establish that the balance of hardships tips in its favor where, as here, it has already demonstrated both irreparable harm and likelihood of success on the merits. *See Tom Doherty Assocs. v. Saban Entertainment Inc.*, 50 F.3d 27, 33 (2d Cir. 1995); *Lichtenberg v. Beiscorp Grp. Inc.*, 43 F. Supp. 2d 376, 295 (S.D.N.Y. 1995). Nonetheless, the balance of hardships here does tip decidedly in Fora Financial's favor. "The balance of hardships inquiry asks which of the two parties would suffer mo[re] grievously if the preliminary injunction motion were wrongly decided." *Tradescape.com v. Shivaram*, 77 F. Supp. 2d 408, 411 (S.D.N.Y. 1999).

Unless Tribeca is enjoined from continuing to use and disclose Fora Financial's trade secrets, Fora Financial will suffer immeasurable and irreparable harm as described above. Fora Financial has already suffered irreparable injury in the form of loss of customer relationships, loss of goodwill with customers and ISOs, and harm to Fora Financial's business reputation, as the result of Tribeca's misappropriation of Fora Financial's Protected Information. To restore customers' and business partner's faith in Fora Financial, and to ensure the continued operations of Fora Financial's business, Tribeca must be prohibited from using and disclosing the confidential information.

On the other hand, Tribeca would not suffer any harm, let alone irreparable harm, if the Court grants Fora Financial's application for injunctive relief. Fora Financial seeks injunctive relief prohibiting Tribeca from using and/or disclosing Fora Financial's proprietary information, and prohibiting them from accessing, altering or destroying that information during the pendency of this action. These prohibitions do not harm Tribeca because Tribeca has no right to any of this information in the first place. At most, the granting of these requests would cause Tribeca some

minor inconvenience, which would pale in comparison to the level of harm Fora Financial has and will suffer by Tribeca's continued use and disclosure of Fora Financial's trade secrets.

**V.      Fora Financial is Entitled to Expedited Discovery.**

Under Federal Rule of Civil Procedure 26(d)(1), the Court may grant leave to conduct expedited discovery prior to a Rule 26(f) conference.  Requests for expedited discovery are generally determined under a "flexible standard of reasonableness and good cause." *Ayyash v. Bank Al–Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005); *see also Pearson Educ., Inc. v. Doe*, No. 12 Civ. 4786 (BSJ) (KNF), 2012 WL 4832816, at *3 (S.D.N.Y. Oct. 1, 2012) (listing cases).  This reasonableness test "requires the party seeking the discovery to prove that the requests are reasonable under the circumstances." *KeyBank, Nat. Ass'n v. Quality Payroll Sys., Inc.*, No. 06 Civ. 3013 (JS) (AKT), 2006 WL 1720461, at *4 (E.D.N.Y. June 22, 2006) (internal quotation omitted).  Good cause exists when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002) (*as adopted by Ayyash*, 233 F.R.D. at 326-27).  Such good cause exists here.

Courts routinely hold that where an expedited discovery request is made in contemplation of the filing of a motion for preliminary injunction, the denial of that request prejudices the moving party. *United States v. Erie Cty., NY*, 09-CV-849S, 2010 WL 11578742 at *3 (W.D.N.Y. March 6, 2020) (citing *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07 Civ. 2014, 2007 WL 1121734, at *1 (S.D.N.Y. Apr. 11, 2007)).  This is especially true in cases where, as here, the movant has presented evidence of actual or threatened trade secret misappropriation or breach of contractual provisions designed to prevent unfair competition.  *See, e.g.*, *IKON Office Sol'ns v. Leichtnam*, No. 02-cv-0721E (SC), 2003 WL 251954 at * 3 (W.D.N.Y. Jan. 3, 2003) (granting limited expedited discovery for use in connection with plaintiff's motion for a

13

preliminary injunction); *Delphine Software Int'l v. Elec. Arts, Inc.*, No. 99 CIV. 4454 AGAS, 1999 WL 627413, at * 3 (S.D.N.Y. Aug. 18, 1999) (granting plaintiff's request for expedited discovery in advance of a preliminary injunction hearing).

As described above, Fora Financial has strong evidence that Tribeca possesses Fora Financial's Protected Information and has used (and is using) that information to solicit Fora Financial's customers to switch their business to Tribeca. Fora Financial has been irreparably harmed in the form of loss of customers and goodwill and will continue to suffer those harms unless this Court enjoins Tribeca from their unlawful activities and unfair competitive practices.

Fora Financial's narrowly tailored discovery requests seek information relevant to establishing the elements for obtaining its preliminary injunction and identifying the sources of any potential further harm to Fora Financial's business.[1] Specifically, Fora Financial seeks the production of documents and communications concerning Tribeca's acquisition, use and disclosure of Fora Financial's trade secret and confidential information. These documents and communications will show the content, amount, source, and the full extent of Tribeca's disclosure of Fora Financial's Protected Information, in order for Fora Financial to build its argument for the preliminary injunction hearing.

Fora Financial also seeks interrogatory responses identifying the names of any individuals from whom Tribeca received Fora Financial's Protected Information, as well as a deposition of Tribeca in order to determine the full scope of Tribeca's misappropriation of Fora Financial's Protected Information. Such evidence would establish Fora Financial's likelihood of success on the merits of its claims and the imminent threat of irreparable harms described above.

---

[1] Fora Financial's proposed discovery requests, interrogatories and deposition notice are attached as Exhibits A-C, respectively, to the Declaration of Jeffrey S. Kramer.

Courts are also inclined to allow expedited discovery where alternative means to obtain the information are impractical or unavailable.  *Strike 3 Holdings, LLC v. Doe*, No. 20 Civ. 4501 (WFK) (VMS), 2021 WL 535218, at *1-2 (E.D.N.Y. Feb. 12, 2021).  The information Fora Financial seeks is uniquely in Tribeca's possession and Fora Financial cannot obtain it through other means.  Fora Financial expects that Tribeca stores the requested information on their computer systems and/or in hard copy files.  Fora Financial does not have access to Tribeca's files and computer systems, nor is there any nonparty Fora Financial can subpoena to produce the requested information that would allow it to determine exactly what Protected Information Tribeca possesses, and how Tribeca used that information.

## CONCLUSION

For the foregoing reasons, Fora Financial respectfully requests that the Court grant its application for entry of an Order to Show Cause with a Temporary Restraining Order against Tribeca and for expedited discovery.

Respectfully submitted,

LOCKE LORD LLP

*s/Jeffrey S. Kramer*
William D. Foley, Jr.
Jeffrey S. Kramer
200 Vesey Street, 20th Floor
New York, NY 10281
(646) 217-7722
*Attorneys for Plaintiff Fora Financial Holdings, LLC*

15