# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| FORA FINANCIAL HOLDINGS, LLC | : |
| | : |
| Plaintiff, | : Case No. _____ |
| vs. | : |
| | : |
| | : |
| NEW YORK TRIBECA GROUP, LLC and | : |
| JOHN DOES 1-10, | : |
| Defendants. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT NEW YORK TRIBECA GROUP, LLC

Plaintiff Fora Financial Holdings, LLC ("Plaintiff") pursuant to Federal Rule of Civil Procedure 34, requests that defendant New York Tribeca Group, LLC ("Tribeca") produce the following documents and materials, together with a written response to these requests, at the offices of Locke Lord LLP on or before the deadline set by order of the Court.

### DEFINITIONS

1.      The terms "you" and "your" refer to defendant New York Tribeca Group, LLC and to its agents, employees, or any other persons acting or purporting to act on its behalf.

2.      The term Fora Financial refers to Fora Financial Business Loans, LLC, the Plaintiff in the above-captioned action, and any of its parents, subsidiaries, affiliates, agents, employees, or any other persons acting or purporting to act on its behalf.

3.      The term "Protected Information" means any information related to Fora Financial's customers, including, but not limited to, customer contact information, government-issued identification numbers, proposed financing terms, and company financial information like

revenue and bank statements.  A non-exhaustive list of Fora Financial's customers is set forth in

paragraph 38 of Fora Financial's Verified Complaint, served herewith.

4.      The words "document" and "documents" shall have the definition set forth in Local

Rule 26.3(c)(2).

5.      The words "communication" or "communications" shall have the definition set

forth in Local Rule 26.3(c)(1).

6.      The word "concerning" shall have the definition set forth in Local Rule 26.3(c)(7).

7.      The connectives "and" and "or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the request any information that might

otherwise be construed to be outside of its scope.

## **<u>INSTRUCTIONS</u>**

1.      If any document or electronic data identified in response to a Request was, but is

no longer in your possession or subject to your custody or control, or was known to you, but is no

longer in existence, state what disposition was made of it and the purpose or circumstances

surrounding that disposition.

2.      All Requests are intended to refer to documents in your possession, care, custody,

or control, whether or not this is specifically stated within the Request.

3.      These Requests are intended to create a continuing obligation and require

supplementation in the event any new or additional responsive documents are identified,

discovered or become available at any time after these Requests are answered but before entry of

a final judgment in this action.

4.      If any documents or electronic data responsive to the following Requests are

withheld pursuant to a claim of privilege, work-product immunity, or any other ground, respond

to the request by providing the following information: (a) identify the individual(s) with knowledge of the subject matter of the documents or electronic data, and his or her title or position; (b) describe the general subject matter of the documents or electronic data; and (c) identify, with specificity, the privilege or other basis upon which the documents or electronic data were withheld.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request for Production No. 1:**

    All documents, including electronically stored information ("ESI"), in your possession, custody or control concerning your acquisition of any information, including but not limited to leads or lead data, customer contact information, customer banking and customer financial information, related to the customers listed in paragraph 38 of Fora Financial's Verified Complaint.

**Request for Production No. 2:**

    All communications, including letters, emails, text messages, social media posts and private messages, or documents memorializing such communications, from August 1, 2022 to the present, between you, on the one hand, and the customers listed in paragraph 38 of Fora Financial's Verified Complaint.

**Request for Production No. 3:**

    All documents, including electronically stored information ("ESI") and communications, including letters, emails, text messages, social media posts and private messages, or documents memorializing such communications, from August 1, 2022 to the present, between you, on the one hand, and any third party, on the other hand, concerning your disclosure of any information related to the customers listed in paragraph 38 of Fora Financial's Verified Complaint.

**Request for Production No. 4:**

All communications, including letters, emails, text messages, social media posts and private messages, or documents memorializing such communications, from August 1, 2022 to the present, between you, on the one hand, and Peter Rubeiro, or any other persons acting or purporting to act on his behalf.

Dated: New York, New York
       October 6, 2022

LOCKE LORD LLP

By:  _/s/ DRAFT_____
     William D. Foley, Jr.
     Jeffrey S. Kramer
     200 Vesey Street, 20th Floor
     New York, NY 10281
     (646) 217-7722

     *Attorneys for Plaintiff*

129588630v.1