# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
FORA FINANCIAL HOLDINGS, LLC               :
                                           :
                    Plaintiff,             : Case No. _____
     vs.                                   :
                                           :
                                           :
NEW YORK TRIBECA GROUP, LLC and            :
JOHN DOES 1-10,                            :
                                           :
                    Defendants.            :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff Fora Financial Holdings, LLC ("Plaintiff") pursuant to Federal Rule of Civil Procedure 33, requests that defendant New York Tribeca Group, LLC ("Tribeca") answer the following interrogatories separately, fully, in writing, and under oath, and provide those sworn answers to Plaintiff's counsel at its New York office address listed below, on or before the deadline set by order of the Court.

## DEFINITIONS

1.      The terms "you" and "your" refer to defendant New York Tribeca Group, LLC and to its agents, employees, or any other persons acting or purporting to act on its behalf.

2.      The term Fora Financial refers to Fora Financial Holdings, LLC, the Plaintiff in the above-captioned action, and any of its parents, subsidiaries, affiliates, agents, employees, or any other persons acting or purporting to act on its behalf.

3.      The term "Protected Information" means any information related to Fora Financial's customers, including, but not limited to, customer contact information, government-issued identification numbers, proposed financing terms, and company financial information like

1

revenue and bank statements. A non-exhaustive list of Fora Financial's customers is set forth in paragraph 38 of Fora Financial's Verified Complaint, served herewith.

4. The words "communication" or "communications" shall have the definition set forth in Local Rule 26.3(c)(1).

5. The words "document" and "documents" shall have the definition set forth in Local Rule 26.3(c)(2).

6. Pursuant to Local Rule 26.3(c)(3), when referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the person's name need be listed in response to subsequent discovery requesting the identification of that person.

7. Pursuant to Local Rule 26.3(c)(4), when referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipients(s).

8. Pursuant to Local Rule 26.3(c)(6), the term "person" means any natural person or any business, legal or governmental entity, or association.

9. Pursuant to Local Rule 26(c)(3)(G), the term "concerning" means relating to, referring to, describing, evidencing or constituting.

## INSTRUCTIONS

1. In answering the interrogatories, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of anyone subject to your control.

2. In construing the interrogatories, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine or neuter term shall include all other genders.

3. In answering these interrogatories, you must make a diligent search of your records and of your other papers and materials in your possession or available to you or your representatives. If an interrogatory has subparts, answer each subpart separately and in full, and do not limit your answer to the interrogatory as a whole. If an interrogatory cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

4. You are hereby requested to supplement each and every response as new information is discovered or becomes available as responsive to the interrogatories, from now until trial. You are also under a continuing duty to correct any incorrect responses.

5. If any information called for by the interrogatory is unknown to you, so state, and then state all remaining information that is known to you. As to the unknown information, also set forth your best estimate, designated as such, in place of the unknown information, and describe the basis upon which the estimate was made.

6. In answering each of these interrogatories, if you rely on information provided by any person other than yourself, identify the person or persons.

7. With respect to any responsive information that you withhold from an interrogatory answer, whether due to a claim of privilege or on some other basis, you shall provide information sufficient to support on its face the privilege or other basis claimed for withholding the otherwise responsive information.

## INTERROGATORIES

1. Identify each individual with whom you discussed the sale or purchase of any of Fora Financial's Protected Information, including but not limited to the customers set forth in paragraph 38 of Fora Financial's Verified Complaint. For each individual with whom you met, list the name of the individual, the employer or affiliation of the individual, and the date and time of each meeting, including meetings held over the phone or video conference.


Dated: New York, New York  
       October 6, 2022

LOCKE LORD LLP

By: */s/ DRAFT*  
William D. Foley, Jr.  
Jeffrey S. Kramer  
200 Vesey Street, 20th Floor  
New York, NY 10281  
(646) 217-7722

*Attorneys for Plaintiff*