UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FORA FINANCIAL HOLDINGS, LLC                           :
                                                       :
                              Plaintiff,               :  Case No. 22-cv-8539-JMF
        vs.                                            :
                                                       :
                                                       :
NEW YORK TRIBECA GROUP, LLC and JOHN                   :
DOES 1-10,                                             :
                                                       :
                              Defendants.              :
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## TEMPORARY CONSENT ORDER

**THIS MATTER**, being brought before the Court by Locke Lord LLP, attorneys for

plaintiff Fora Financial Holdings, LLC ("Plaintiff"), seeking a preliminary injunction with

temporary restraining order, pursuant to Federal Rule of Civil Procedure 65, based upon the facts

set forth in the Verified Complaint filed herewith, the Declarations of Jason Solomon, Kevin

Ruthen and Jeffrey Kramer, together with exhibits thereto, and supporting Memorandum of Law,

and the Court being advised that Plaintiff and defendant New York Tribeca Group, LLC

("Defendant," together with Plaintiff "the Parties") have reached agreement, and without any

admission of liability on the part of Defendant, the following shall temporarily govern the conduct

during the pendency of this civil action, upon further order of this Court, or upon further agreement

of the Parties.

**IT IS HEREBY ORDERED:**

1.      Defendant represents that to the best of its knowledge, it may have unknowingly

and/or unwittingly received from a third party information identified in Paragraph 38 of Fora

Financial's Verified Complaint (the "At-Issue Information").      Defendant denies any

1

129846149v.2

misappropriation of Fora Financial's trade secrets and has not admitted liability in the lawsuit or otherwise;

2.      Defendant, its employees and agents, and all persons or entities under its direction or control have agreed to refrain from using or disclosing to any other persons or entities the At-Issue Information, except that Defendant may disclose the At-Issue Information to its own legal counsel and Plaintiff or Plaintiff's attorneys;

3.      Defendant, its employees and agents, and all persons or entities under its direction or control have agreed to refrain from accessing, destroying, deleting, altering, or in any other way manipulating the At-Issue Information, except that Defendant may access the At-Issue Information for purposes of providing it to its own legal counsel and Plaintiff or Plaintiff's attorneys;

4.      Defendant, its employees and agents, and all persons or entities under its direction or control will preserve any and all documents, including but not limited to ESI and all At-Issue Information or that otherwise relate to the claims and any defenses in this action;

5.      To the extent they are within the Defendant's possession, custody, or control, within seven days of entry of this Order, Defendant will provide to Plaintiff the documents and communications in Defendant's possession, custody or control concerning the conveyance of the At-Issue Information to Defendant, including but not limited to the data file(s) containing At-Issue Information and the emails (if any) conveying the At-Issue Information. The data file(s) and emails may be redacted to exclude non At-Issue Information from production to Plaintiff. Plaintiff's acceptance of any redacted documents or information is not a waiver of its right to seek later the production of unredacted versions of those documents or that information, nor a waiver of any other rights related to the produced materials;

6.      Within three days of receiving the discovery described in paragraph 5, Plaintiff shall notify Defendant if Plaintiff requires a deposition of Defendant or any additional documents or communications from Defendant related to the At-Issue Information;

a.      If Plaintiff requests a deposition of Defendant, such deposition shall take place no later than 10 days after the day Plaintiff notifies Defendant of its request to take such deposition.  Such deposition, if it occurs, shall not exceed three hours.  The Parties agree to cooperate to limit the scope of the deposition;

b.      If Plaintiff requests additional documents or communications from Defendant concerning the At-Issue Information, Defendant will provide objections or responses to such additional discovery requests within 10 days of service of the same by Plaintiff;

c.      Nothing in this Order constitutes a waiver of either Party's rights to object to any discovery demands in accordance with the Federal Rules of Civil Procedure;

7.      The Parties shall execute a confidentiality agreement governing the exchange of information between them that will include, among other provisions, mutual non-disclosure provisions, with reasonable exception to enable the Parties to pursue legal action against third parties, if necessary and/or warranted;

8.      Upon the completion of the discovery set forth in paragraph 5, and paragraph 6 if such discovery is requested, the Parties shall agree to effective procedures to enable the permanent deletion and/or destruction of the At-Issue Information from Defendant's electronic devices and systems or otherwise within Defendant's possession, custody or control.

9.      Upon the completion of steps outlined in paragraph 8 above, Defendant will provide an affidavit to Plaintiff's counsel certifying that Defendant, its employees and agents, and all persons or entities under its direction or control have completed a reasonable search for the At-

129846149v.2

Issue Information, and have destroyed and/or deleted this information located in Defendant's possession, custody or control.

10.    Defendant's time to answer or otherwise respond to the Verified Complaint is extended to December 1, 2022 to permit the parties to engage in settlement negotiations to resolve this lawsuit;

**ORDERED** that this Temporary Consent Order is effective immediately.

**ORDERED** that Plaintiff, upon consent of Defendant, is not required to post security or bond in connection with this Order.

**ORDERED** that this Order shall remain in full force and effect until the terms of this Order have been satisfied, until further Order of this Court, or until the Parties otherwise agree.


Dated this _____ day of October, 2022.


_____

Hon. Jesse M. Furman, U.S.D.J.