UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

FORA FINANCIAL HOLDINGS, LLC,            :

                                               :

                      Plaintiff,           :       Case No: 1:22-CV-8539 (JMF)

                                               :

      -vs-                             :       **JURY TRIAL DEMANDED**

                                               :

NEW YORK TRIBECA GROUP, LLC and    :

JOHN DOES 1-10                       :

                                               :

                  Defendants.      :

-------------------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT

Defendant, New York Tribeca Group, LLC ("Tribeca" or "Defendant"), by and through its

undersigned counsel, respectfully files this Answer and Affirmative Defenses to the Verified

Complaint (the "Complaint") filed by the Plaintiff, Fora Financial Holdings, LLC ("Fora" or

"Plaintiff"), in the above-captioned action as follows:

      1.        Tribeca denies knowledge or information sufficient to form a belief with regard to the

truth of the allegations set forth within Paragraph 1 of the Complaint to the extent that they relate to the

relief which Fora seeks in this action.  Tribeca denies the remaining allegations set forth within

Paragraph 1 of the Complaint and denies any misappropriation of Fora's alleged trade secrets or the

allegation that Tribeca has engaged in unlawful conduct, including any violation of the federal Defend

Trade Secrets Act ("DTSA"), common law misappropriation of trade secrets, tortious interference with

prospective economic advantage, or unfair competition.

      2.        Tribeca denies knowledge or information sufficient to form a belief with regard to the

truth of the allegations set forth within Paragraph 2 of the Complaint

      3.        Tribeca denies knowledge or information sufficient to form a belief with regard to the

truth of the allegations set forth within Paragraph 3 of the Complaint

4.      Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 4 of the Complaint to the extent that they relate to alleged complaints that Fora received from its customers.  Tribeca denies the allegations set forth within Paragraph 4 of the Complaint to the extent that they allege that Tribeca "harassed" any customer of Fora or utilized any trade secret of Fora.

5.      Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 5 of the Complaint to the extent that they relate to any alleged investigation conducted by Fora.   Tribeca denies the remaining allegations set forth within Paragraph 5 of the Complaint.  Tribeca affirmatively states that, upon information and belief, Tribeca may have unknowingly and/or unwittingly received alleged information from a third party.  Tribeca denies that this alleged information originated with Fora.  Tribeca further denies knowing that the alleged information originated with Fora.  Tribeca further denies that the alleged information constitutes a trade secret.  Tribeca denies any misappropriation of Fora's alleged trade secrets or any other violation of law.

6.      Tribeca denies the allegations set forth within Paragraph 6 of the Complaint.

7.      Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 7 of the Complaint.

8.      Tribeca admits the allegations set forth within Paragraph 8 of the Complaint.

9.      Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 9 of the Complaint.

10.     Tribeca does not respond to the allegations set forth within Paragraph 10 of the Complaint as they set forth a legal conclusion to which no response is required.

11.     Tribeca does not respond to the allegations set forth within Paragraph 11 of the

Complaint as they set forth a legal conclusion to which no response is required.

12.     Tribeca does not respond to the allegations set forth within Paragraph 12 of the Complaint as they set forth a legal conclusion to which no response is required.

13.     Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 13 of the Complaint.

14.     Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 14 of the Complaint.

15.     Tribeca denies the allegations set forth within Paragraph 15 of the Complaint to the extent that they purport to characterize the subject market.  Tribeca affirmatively states that the parties operate in a market where merchants shop their deals constantly among many finance providers. Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the remaining allegations set forth within Paragraph 15 of the Complaint.

16.     Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 16 of the Complaint.

17.     Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 17 of the Complaint.

18.     Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 18 of the Complaint.

19.     Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 19 of the Complaint.

20.     Tribeca does not respond to the allegations set forth within Paragraph 20 of the Complaint to the extent that they are speculative and/or state a legal conclusion to which no response is required.  To the extent that a response is required, Tribeca denies the allegations set forth within

Paragraph 20 of the Complaint.

21.    Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 21 of the Complaint.

22.    Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 22 of the Complaint.

23.    Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 23 of the Complaint.

24.    Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 24 of the Complaint.

25.    Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 25 of the Complaint.

26.    Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 26 of the Complaint.

27.    Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 27 of the Complaint.

28.    Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 28 of the Complaint.

29.    Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 29 of the Complaint.

30.    Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 30 of the Complaint.

31.    Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 31 of the Complaint. Tribeca affirmatively states that

it has not engaged in any "harassment" of Fora's customers.

32.     Tribeca denies the allegations set forth within Paragraph 32 of the Complaint.  Tribeca affirmatively states that, upon information and belief, Tribeca may have unknowingly and/or unwittingly received alleged information from a third party.  Tribeca denies that this alleged information originated with Fora.  Tribeca further denies knowing that the alleged information originated with Fora.  Tribeca further denies that the alleged information constitutes a trade secret. Tribeca denies any misappropriation of Fora's alleged trade secrets or any other violation of law.

33.     Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 33 of the Complaint.

34.     Tribeca denies the allegations set forth within Paragraph 34 of the Complaint.  Tribeca affirmatively states that, upon information and belief, Tribeca may have unknowingly and/or unwittingly received alleged information from a third party.  Tribeca denies that this alleged information originated with Fora.  Tribeca further denies knowing that the alleged information originated with Fora.  Tribeca further denies that the alleged information constitutes a trade secret. Tribeca denies any misappropriation of Fora's alleged trade secrets or any other violation of law.

35.     Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 35 of the Complaint.

36.     Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 36 of the Complaint.

37.     Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 37 of the Complaint.

38.     Tribeca denies the allegations set forth within Paragraph 38 of the Complaint.  Tribeca affirmatively states that, upon information and belief, Tribeca may have unknowingly and/or

unwittingly received alleged information from a third party.  Tribeca denies that this alleged

information originated with Fora.  Tribeca further denies knowing that the alleged information

originated with Fora.  Tribeca further denies that the alleged information constitutes a trade secret.

Tribeca denies any misappropriation of Fora's alleged trade secrets or any other violation of law.

Tribeca denies that it knowingly and/or wittingly contacted or attempted to solicit any of the customers

identified in this paragraph using any information allegedly originating with Fora.

39.     Tribeca denies knowledge or information sufficient to form a belief with regard to the

truth of the allegations set forth within Paragraph 39 of the Complaint.

40.     Tribeca denies knowledge or information sufficient to form a belief with regard to the

truth of the allegations set forth within Paragraph 40 of the Complaint.

41.     Tribeca denies knowledge or information sufficient to form a belief with regard to the

truth of the allegations set forth within Paragraph 41 of the Complaint.

42.     Tribeca denies knowledge or information sufficient to form a belief with regard to the

truth of the allegations set forth within Paragraph 42 of the Complaint.

43.     Tribeca denies knowledge or information sufficient to form a belief with regard to the

truth of the allegations set forth within Paragraph 43 of the Complaint.

44.     Tribeca denies knowledge or information sufficient to form a belief with regard to the

truth of the allegations set forth within Paragraph 44 of the Complaint.

45.     Tribeca denies knowledge or information sufficient to form a belief with regard to the

truth of the allegations set forth within Paragraph 45 of the Complaint.

46.     Tribeca denies knowledge or information sufficient to form a belief with regard to the

truth of the allegations set forth within Paragraph 46 of the Complaint.

47.     Tribeca denies knowledge or information sufficient to form a belief with regard to the

truth of the allegations set forth within Paragraph 47 of the Complaint.

48.     Tribeca denies the allegations set forth within Paragraph 48 of the Complaint.

49.     Tribeca does not respond to the allegations set forth within Paragraph 49 of the

Complaint as they set forth a legal conclusion to which no response is required.  To the extent that a

response is required, Tribeca denies the allegations set forth within Paragraph 49 of the Complaint.

## COUNT I – [ALLEGED] VIOLATION OF THE DEFEND TRADE SECRETS ACT
### (18 U.S.C. § 1832 *et seq.*)

50.     The preceding paragraphs are incorporated by reference as if fully restated herein.

51.     Tribeca denies the allegations set forth within Paragraph 51 of the Complaint.

52.     Tribeca denies the allegations set forth within Paragraph 52 of the Complaint.

53.     Tribeca denies the allegations set forth within Paragraph 53 of the Complaint.

54.     Tribeca does not respond to the allegations set forth within Paragraph 54 of the

Complaint as they set forth a legal conclusion to which no response is required.  To the extent that a

response is required, Tribeca denies the allegations set forth within Paragraph 54 of the Complaint.

55.     Tribeca denies the allegations set forth within Paragraph 55 of the Complaint to the

extent that they allege that it has violated the DTSA.  Tribeca does not respond to the remaining

allegations set forth within Paragraph 55 of the Complaint as they set forth a legal conclusion to which

no response is required.

56.     Tribeca denies the allegations set forth within Paragraph 56 of the Complaint.

57.     Tribeca denies the allegations set forth within Paragraph 57 of the Complaint.  Tribeca

affirmatively states that, upon information and belief, Tribeca may have unknowingly and/or

unwittingly received alleged information from a third party.  Tribeca denies that this alleged

information originated with Fora.  Tribeca further denies knowing that the alleged information

originated with Fora.  Tribeca further denies that the alleged information constitutes a trade secret.

Tribeca denies any misappropriation of Fora's alleged trade secrets or any other violation of law.

58.     Tribeca denies the allegations set forth within Paragraph 58 of the Complaint.

59.     Tribeca denies the allegations set forth within Paragraph 59 of the Complaint.

60.     Tribeca denies the allegations set forth within Paragraph 60 of the Complaint.

61.     Tribeca denies the allegations set forth within Paragraph 61 of the Complaint.

62.     Tribeca denies the allegations set forth within Paragraph 62 of the Complaint.

63.     Tribeca denies the allegations set forth within Paragraph 63 of the Complaint.

### COUNT II – [ALLEGED] COMMON LAW MISAPPROPRIATION OF TRADE SECRETS

64.     The preceding paragraphs are incorporated by reference as if fully restated herein.

65.     Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 65 of the Complaint.

66.     Tribeca denies the allegations set forth within Paragraph 66 of the Complaint.

67.     Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 67 of the Complaint.

68.     Tribeca denies the allegations set forth within Paragraph 68 of the Complaint.

69.     Tribeca denies the allegations set forth within Paragraph 69 of the Complaint.

70.     Tribeca denies the allegations set forth within Paragraph 70 of the Complaint.

### COUNT III – [ALLEGED] UNFAIR COMPETITION

71.     The preceding paragraphs are incorporated by reference as if fully restated herein.

72.     Tribeca denies the allegations set forth within Paragraph 72 of the Complaint.

73.     Tribeca denies the allegations set forth within Paragraph 73 of the Complaint.

74.     Tribeca denies the allegations set forth within Paragraph 74 of the Complaint.

75.     Tribeca denies the allegations set forth within Paragraph 75 of the Complaint.

76.     Tribeca denies the allegations set forth within Paragraph 76 of the Complaint.

77.     Tribeca denies the allegations set forth within Paragraph 77 of the Complaint.

## COUNT V – [ALLEGED] TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

78.     The preceding paragraphs are incorporated by reference as if fully restated herein.

79.     Tribeca does not respond to the allegations set forth within Paragraph 79 of the Complaint as they set forth a legal conclusion to which no response is required.

80.     Tribeca denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 80 of the Complaint.

81.     Tribeca denies the allegations set forth within Paragraph 81 of the Complaint.

82.     Tribeca denies the allegations set forth within Paragraph 82 of the Complaint.

83.     Tribeca denies the allegations set forth within Paragraph 83 of the Complaint.

84.     Tribeca denies the allegations set forth within Paragraph 84 of the Complaint.

85.     Tribeca denies the allegations set forth within Paragraph 85 of the Complaint.

86.     Tribeca denies the allegations set forth within Paragraph 86 of the Complaint.

## AFFIRMATIVE DEFENSES

In further response to Fora's Complaint, Tribeca hereby asserts the following affirmative and other defenses, without conceding that it bears the burden of persuasion as to any of them except those deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### First Affirmative Defense

Fora's Complaint, and the claims stated therein, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Fora's claims are barred by the doctrine of laches, estoppel, and/or waiver.

### Third Affirmative Defense

Fora's claims for trade secret misappropriation fail because Fora has failed to protect the secrecy

of the information alleged to be a trade secret in the Complaint.

### Fourth Affirmative Defense

Fora's claims are barred because Tribeca did not know or had no reason to know that any alleged

information it received from any third party allegedly originated with Fora.

### Fifth Affirmative Defense

Fora's claims for trade secret misappropriation fail because the information Fora claims is

protected as a trade secret is not protectable as a trade secret and/or is readily accessible to and/or

available from third-parties and publicly available sources.

### Sixth Affirmative Defense

Fora's claims fail because the alleged trade secrets and/or confidential information consists of

information that originated with other parties and/or does not belong to Fora.

### Seventh Affirmative Defense

Fora's claims fail because Tribeca has not engaged in any wrongful or improper means.

### Eighth Affirmative Defense

Fora's damages are barred, in whole or part, because, even assuming Fora suffered damages,

which Tribeca denies, Fora has failed to mitigate its damages.

### Ninth Affirmative Defense

Fora's claims are barred because it has suffered no cognizable damages and/or any purported

damages cannot be proven with reasonable certainty.

## Tenth Affirmative Defense

Fora's claim for compensatory and punitive damages and the award of reasonable attorneys' fees are not permitted because Tribeca has not engaged in any willful or malicious activity.

## Eleventh Affirmative Defense

Fora's claims for equitable relief are barred because it has an adequate remedy at law.

## Twelfth Affirmative Defense

Fora's claims are barred because it fails to identify the alleged trade secrets and/or confidential information at issue with specificity.

## Thirteenth Affirmative Defense

Fora's tortious interference claim is barred because it fails to identify the alleged existing or potential contractual relations with specificity.

## Fourteenth Affirmative Defense

Fora's claims fail because the alleged conduct of Tribeca is lawful, justified, privileged, and/or done without unlawful purpose or motive

## Fifteenth Affirmative Defense

Fora's claims may be barred in whole or in part by the defense of unclean hands.

## **PRAYER FOR RELIEF.**

WHEREFORE, Defendant respectfully requests that the Court enter judgment for Defendant,

and against Plaintiff, on all Counts stated in the Complaint, award Defendant its costs and fees,

including reasonable attorneys' fees, and grant such other and further relief as justice requires.

Dated:  December 1, 2022

                                                    /s/ Michael H. Gibson
                                                    Michael H. Gibson, Esq.
                                                    DUANE MORRIS LLP
                                                    230 Park Avenue
                                                    New York, NY 10169-0079
                                                    Tel:  212-404-8726
                                                    Email: mhgibson@duanemorris.com

                                                    *Attorney for Defendant*
                                                    *New York Tribeca Group LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of this Answer and Affirmative

Defenses to Complaint was served on all counsel of record via the Court's PACER/ECF Filing System.

Dated:  December 1, 2022          _/s/ Michael H. Gibson_
                                  Michael H. Gibson, Esq.